## HUBBARD v. SOBY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

No. 1094. Submitted October 17, 1892. — Decided October 31, 1892.

This court has no jurisdiction over a writ of error sued out June 11, 1892, from a judgment rendered by a Circuit Court of the United States against a collector of customs in a suit brought to recover back an alleged excess of duties paid upon an importation of goods made prior to the going into effect of the act of Congress of June 10, 1890, " to simplify the laws in relation to the collection of the revenues," 26 Stat. 131, c. 407.

MOTION TO DISMISS. The motion, entitled in the cause, was as follows:

. " Charles Soby, defendant in the cause above entitled, moves the court to dismiss the writ of error therein, for want of jurisdiction in this court to hear and determine the same.

"This is a suit between two citizens of Connecticut, brought October 9, 1890, in the Circuit Court of the United States for the district of Connecticut by said Charles Soby against said Charles C. Hubbard, to recover an alleged excess of duties upon imports exacted by said Hubbard, in his capacity of collector of customs of the port of Hartford, from said Charles Soby; the jurisdiction of said Circuit Court being entirely dependent upon the federal question thus arising under the customs-revenue laws of the United States. The Circuit Court found the exaction to be illegal, and gave judgment for the plaintiff below, defendant in error here, on the 27th day of February, 1892. Thereupon, on the 11th day of June, 1892, the present plaintiff in error sued out the writ of error which brings the proceedings here.

"Inasmuch as, under the sixth section of the act of March 3, 1891, 26 Stat. c. 517, pp. 826, 828, no writ of error to this Court lies to such final judgment of said Circuit Court, the said defendant in error now moves that said writ be dismissed with costs."

The material part of the sixth section of the act of March 3, 1891, "to establish Circuit Courts of Appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States," is as follows:

"The Circuit Courts of Appeals established by this act shall exercise appellate jurisdiction to review by appeal or writ of error final decision in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law, and the judgments or decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States or citizens of different States; also in all cases arising under the patent laws, under the revenue laws, and under the criminal laws and in admiralty cases, excepting," etc.

*Mr. Lewis E. Stanton* and *Mr. Edwin B. Smith* for the motion.

*Mr. Assistant Attorney General Maury* opposing.

It would be an abuse of the patience of the court to cite the cases in which it has been held that the mere fact that the subject-matter of a prior special law falls within the language of a subsequent general law does not warrant the conclusion that the two laws are in collision, and that the earlier is repealed by the later.

The language of the act of March 3, 1891, is, it may be conceded, broad enough to embrace the case at bar; but the question that arises in this case, and that arose in the many cases in which the above-mentioned principle of construction has been applied, is whether the legislative intent is coextensive with the generality of the language of the statute, for it is the intent, and not necessarily the literal sense of the words, that must prevail.

It will be remembered that the Customs Administrative act of June 10, 1890, 26 Stat. 131, c. 407, established an entirely new

procedure for the review of the acts of collectors of customs in assessing duties on importations. But as that act did not go into effect until August 1, 1890, except as to the provision for the appointment of nine general appraisers, it was necessary to make provision for rights that had accrued and proceedings that had been commenced under the old laws prior to August 1, 1890, and, accordingly, it was provided as an exception to the repealing section 29, as follows: "But the repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced, in any civil cause before the said repeal or modifications; but all rights and liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made. Any offences committed, and all penalties or forfeitures or liabilities incurred, prior to the passage of this act, under any statute embraced in or changed, modified, or repealed by this act, may be prosecuted or punished in the same manner and with the same effect as if this act had not been passed. All acts of limitation, whether applicable to civil causes and proceedings or to the prosecution of offences, or for the recovery of penalties or forfeitures embraced in or modified, changed, or repealed by this act, shall not be affected thereby; and all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising or acts done or committed prior to the passage of this act, may be commenced and prosecuted within the same time and with the same effect as if this act had not been passed." It would seem clear that the right of the importer, Soby, to contest the collector's final liquidation of duty in July, 1890, was a right that accrued under the old law, and if a right that had accrued under the old law, then it was a right which the saving clause says "shall continue and may be enforced in the same manner as if said repeal or modifications had not been made."

The saving clause of the act of 1890 declares that no suit or proceedings under the former law in any civil cause shall be affected by the act. If, then, the importer's appeal to the

Secretary of the Treasury of July 22, 1890, was not a suit, it would seem to have been a proceeding in a civil cause; and if the proceeding by way of appeal to the Secretary was not to be affected, we may reasonably conclude that Congress meant that the remedy thus initiated was to be undisturbed in all its after stages.

Section 6 of the act of March 3, 1891, conferring on Circuit Courts of Appeals jurisdiction in revenue cases, cannot be construed as a repeal of the provisions of the saving clause in the act of 1890.

The case of *Ex parte Crow Dog*, 109 U. S., 556, 570, is a direct authority against the argument supporting the theory that the saving clause of the act of 1890 is affected by the act of March 3, 1891. Mr. Justice Matthews, in his masterly opinion in that case, adopts the law laid down by Chief Justice Bovill in *Thorpe* v. *Adams*, L. R. 6 C. P. 135, and Vice-Chancellor Wood in *Fitzgerald* v. *Champenys*, 30 L. J., N. S. Eq. 782; 2 Johns. & Hem. 31, 54.

" The general principle to be applied," said the Chief Justice, " to the construction of acts of Parliament is, that a general act is not to be construed to repeal a previous particular act, unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together."

" And the reason is," said the vice-chancellor, " that the legislature having had its attention directed to a special subject, and having observed all the circumstances of the case and provided for them, does not intend, by a general enactment afterwards to derogate from its own act when it makes no special mention of its intention so to do." And, said Mr. Justice Matthews, in the case of Crow Dog, " the rule is, *generalia specialibus non derogant.*"

If our view is correct, the case of *Lau Ow Bew*, 144 U. S. 47, 56, 57, has no relevancy whatever to this discussion, because the court in that case confined itself entirely to the effect of the Courts of Appeals act on conflicting anterior legislation of a general character. There was nothing in that case to call the attention of the court to anterior *special* legislation.

THE CHIEF JUSTICE: This was a suit brought October 9, 1890, in the Circuit Court of the United States for the District of Connecticut to recover an alleged excess of duties upon imports exacted by plaintiff in error in his capacity of collector of customs of the port of Hartford, prior to the going into effect of the act of Congress of June 10, 1890, entitled " An act to simplify the laws in relation to the collection of the revenues," 26 Stat. 131. Judgment was given for defendant in error, February 27, 1892, and on June 11, 1892, the pending writ of error was sued out. The motion to dismiss the writ must be sustained upon the authority of *Lau Ow Bew* v. *United States*, 144 U. S. 47 ; *McLish* v. *Roff*, 141 U. S. 661.

*Writ of error dismissed.*